IN THE CIRCUIT COURT OF MARYLAND FOR BALTIMORE CITY

WILLIAM DOWNING
Maryland Correctional Training Facility
18601 Roxbury Road
Hagerstown, MD 21746

       Plaintiff

  Vs.

DETECTIVE MICHAEL CANNON
BALTIMORE CITY POLICE
DEPARTMENT
601 E. Fayette Street, C.I.B.
Baltimore, MD 21201

       Defendant

  and

DETECTIVE KEITH GLADSTONE
BALTIMORE CITY POLICE
DEPARTMENT
601 E. Fayette Street, H.I.D.T.A.
Baltimore, MD 21201

       Defendant

  and

DETECTIVE JOHN JENDRICK
BALTIMORE CITY POLICE
DEPARTMENT
601 E. Fayette Street, H.I.D.T.A.
Baltimore, MD 21201

  and

       Defendant

  and

Case No.

03 AUG 29 PM 12: 25

LAW OFFICES
RICHARD G. BERGER
SUITE 801
200 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER (410) 605-2955

MAJOR ANTHONY CANAVALE
BALTIMORE CITY POLICE
DEPARTMENT
601 E. Fayette Street, C.I.B.
Baltimore, MD 21201

    Defendant

 and

BALTIMORE CITY POLICE
DEPARTMENT
Serve on:
Kevin P. Clark, Commissioner
601 E. Fayette Street
Baltimore, MD 21201

    Defendant

 and

STATE OF MARYLAND
Serve on: Nancy Kopp, Treasurer
Goldstein Treasury Bldg.
80 Calvert Street
Annapolis, MD 21401

    Defendant

## COMPLAINT

Plaintiff, William Downing (hereinafter referred to as "Plaintiff"), by and through his attorney, Richard G. Berger, Esquire, and the Law Offices of Richard G. Berger, sues Detective Michael Cannon (hereinafter referred to as "Defendant Cannon"), Detective Keith Gladstone (hereinafter referred to as "Defendant Gladstone"), Detective John Jendrick (hereinafter referred to as "Defendant Jendrick "), Major Anthony Canavale (hereinafter referred to as "Defendant Canavale"), Baltimore City Police Department (hereinafter referred to as "B.C.P.D."), and the

LAW OFFICES
RICHARD G. BERGER
SUITE 801
200 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER: (410) 605-2955

State of Maryland, and hereby states the following:

## PARTIES

1. Plaintiff, an African American male, is currently incarcerated in the Roxbury Correctional Institution, 18601 Roxbury Road, Hagerstown, MD 21746; at all times relevant herein, Plaintiff was a resident of Baltimore City, Maryland.

2. Defendant Cannon is currently employed with the B.C.P.D. and at all times referred to herein was employed as a police officer for the B.C.P.D., a municipal entity of the State of Maryland. Defendant Cannon, at all times relevant herein, acted under color of law as an agent, servant, and/or employee of B.C.P.D. and the State of Maryland.

3. Defendant Gladstone is currently employed with the B.C.P.D. and at all times referred to herein was employed as a police officer for the B.C.P.D., a municipal entity of the State of Maryland. Defendant Gladstone, at all times relevant herein, acted under the color of law as an agent, servant, and/or employee of the B.C.P.D., and the State of Maryland.

4. Defendant Jendrick is currently employed with the B.C.P.D. and at all times referred to herein was employed as a police officer for the B.C.P.D., a municipal entity of the State of Maryland. Defendant Jendrick, at all times relevant herein, acted under color of law as an agent, servant, and/or employee of B.C.P.D. and the State of Maryland.

5. Defendant Canavale is currently employed with the B.C.P.D. and at all times referred to herein was employed as a lieutenant for the B.C.P.D., a municipal entity of the State of Maryland. Defendant Canavale, at all times relevant herein, acted under color of law as an agent, servant, and/or employee of B.C.P.D. and the State of Maryland.

6. The B.C.P.D. is located in Baltimore City and is a municipal entity of the State of Maryland.

LAW OFFICES
RICHARD G. BERGER
SUITE 801
00 EAST LEXINGTON STREET
ALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER: (410) 605-2955

7. Venue is properly conferred upon this Court by way of Maryland Code Annotated, Courts and Judicial Proceedings, §§ 6-201 and 6-202 (8).

## FACTS COMMON TO ALL COUNTS

8. On or about September 1, 2000 Plaintiff, along with his wife, Lakeyta Downing, drove to B.W.I. Airport to return a rental car. Plaintiff was operating the vehicle and Ms. Downing was seated in the front passenger seat.

9. After returning the rental car to B.W.I. Airport, Plaintiff and his wife returned to Baltimore City in the Patterson Park area where they picked up Plaintiff's friend, Eric Buckson. Mr. Buckson owed Plaintiff a refund for a nextel phone recently purchased by Plaintiff. Plaintiff subsequently dropped Mr. Buckson off at a residence.

10. Thereafter, Plaintiff, along with his wife, proceeded along the Alameda, said street being a public roadway in Baltimore City, State of Maryland. Plaintiff was stopped at a red traffic signal controlling the intersection of 33rd Street and the Alameda when Plaintiff noticed a black Ford Explorer in the lane adjacent to Plaintiff. After the traffic signal turned green, the black Explorer, which was operated by Defendant Cannon and accompanied by other members of the Baltimore City Police, followed Plaintiff from the rear. At this point, Defendant Cannon, who was in plain clothes and in an unmarked police unit, began to blow the horn multiple times at Plaintiff.

11. Plaintiff, who was lawfully operating his motor vehicle and not knowing who was behind him and blowing the horn, continued northbound on Andover Road when suddenly and without warning, a Ford Explorer pulled in front of Plaintiff causing Plaintiff to abruptly stop his vehicle.

12. Plaintiff and his wife were blocked in by the Ford Explorer in the front and the

LAW OFFICES
RICHARD G. BERGER
SUITE 801
00 EAST LEXINGTON STREET
ALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER (410) 605-2955

black Explorer in the rear. Defendants Cannon, Gladstone, Jendrick, and Canavale (who were all members of the B.C.P.D., in plain clothes and in unmarked vehicles) approached Plaintiff's vehicle. Plaintiff, who was not engaged in any illegal behavior, had no knowledge the Defendants were police officers. Sirens, marked police units, or uniformed police officers were not present at the scene at this time.

13.  Plaintiff, who was unarmed, scared for his life and the safety of his wife, attempted to open the drivers side door when Defendant Jendrick, without provocation or warning, busted the drivers side window with a lug wrench. The window immediately shattered causing numerous shards of glass to be disbursed in the pavement outside of the drivers side door.

14.  Defendants Gladstone and Jendrick forcibly removed Plaintiff (who was unarmed and not resisting) from his vehicle and violently threw him to the pavement (which was covered in shards of glass). After Plaintiff hit the pavement, he was forcibly beaten by Defendants Gladstone and Jendrick as they continuously punched him throughout his body and face with their fists, flashlights, and a automobile lug wrench. Defendants Canavale and Cannon subsequently joined Defendants Gladstone and Jendrick in pouncing on Plaintiff with their fists and flashlights.

15.  Plaintiff, who screamed and begged for his life, attempted to escape and defend himself during the ensuing assault; however, due to the number of officers and the amount of force utilized by the Defendants, Plaintiff was unable to escape and was viciously beaten.

16.  After the Defendants completed their assault/battery, Defendants planted a large bag of suspected cocaine on Plaintiff's person. Thereafter, Plaintiff was placed under arrest for narcotics violations, resisting arrest, and assault.

17.  As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff was taken to Good Samaritan Hospital, but because of the severity of defendant's

LAW OFFICES
RICHARD G. BERGER
SUITE 801
100 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER: (410) 605-2955

injuries, he had to be then taken to the University of Maryland Shock Trauma where he was treated for multiple injuries including, but not limited to, lacerations all over his body and face, fractures to his nose, face, and sprains/strains all over his body.

18. As a direct and proximate result of the conduct of Defendants Cannon, Gladstone, Jendrick, and Canavale, Plaintiff was caused to suffer numerous physical and mental injuries, including, but not limited to, lacerations over his body and face, fractures to his face, nose, and eyes, extreme pain and suffering all over his head, face, neck, back, body, and limbs, mental anguish, and monetary losses.

## COUNT ONE
## ASSAULT AND BATTERY
**(Defendants Cannon, Gladstone, Jendrick, and Canavale )**

19. Plaintiff hereby adopts and incorporates by reference the facts and allegations contained in paragraphs 1 through 18 of this Complaint with the same effect as if herein fully set forth.

20. The conduct of Defendants constituted an intentional and offensive touching/contact of Plaintiff by Defendants Cannon, Gladstone, Jendrick, and Canavale, and was undertaken deliberately, without justification, and with actual malice.

21. As a result of Defendants' conduct, Plaintiff suffered substantial damages, including, but not limited to, lacerations over his body and face, fractures to his face, nose, and eyes, extreme pain and suffering all over his head, face, neck, back, body, and limbs, mental anguish, and monetary losses.

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of One Million Dollars ($1,000,000.00) compensatory damages, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Cannon, Five Million Dollars ($5,000,000.00) in punitive

LAW OFFICES
RICHARD G. BERGER
SUITE 801
200 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER: (410) 605-2955

damages against Defendant Gladstone, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Jendrick, and Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Canavale.

## COUNT TWO
## NEGLIGENCE
**(Defendants Cannon, Gladstone, Jendrick, and Canavale)**

22. Plaintiff hereby adopts and incorporates by reference the facts and allegations contained in paragraphs 1 through 21 of this Complaint with the same effect as if herein fully set forth.

23. Defendants Cannon, Gladstone, Jendrick, and Canavale had a legal and cognizable duty to exercise the degree of care that was reasonable under the circumstances towards Plaintiff.

24. Defendants Cannon, Gladstone, Jendrick, and Canavale owed a duty to Plaintiff to act in accordance with B.C.P.D. regulations, rules, guidelines, and/or protocol.

25. Defendants Cannon, Gladstone, Jendrick, and Canavale breached their duty towards Plaintiff by engaging in unreasonable conduct and/or exercising unreasonable and excessive force heretofore alleged towards Plaintiff without any negligence on the part of the Plaintiff contributing thereto.

26. The aforesaid incident was a direct and proximate result of the negligent conduct of Defendants Cannon, Gladstone, Jendrick, and Canavale heretofore alleged.

27. As a direct and proximate result of Defendants Cannon, Gladstone, Jendrick, and Canavale negligent conduct, Plaintiff suffered substantial damages, including but not limited to, lacerations over his body and face, fractures to his face, nose, and eyes, extreme pain and suffering all over his head, face, neck, back, body, and limbs, mental anguish, and monetary losses.

LAW OFFICES
RICHARD G. BERGER
SUITE 801
200 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER: (410) 605-2955

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of One Million Dollars ($1,000,000.00) compensatory damages, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Cannon, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Gladstone, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Jendrick, and Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Canavale.

## COUNT THREE
## VIOLATION OF MARYLAND DECLARATION OF RIGHTS
**(Defendants Cannon, Gladstone, Jendrick, and Canavale)**

28.   Plaintiff hereby adopts and incorporates by reference the facts and allegations contained in paragraphs 1 through 27 of this Complaint with the same effect as if herein fully set forth.

29.   The unreasonable seizure of Plaintiff's body and excessive force exercised by Defendants Cannon, Gladstone, Jendrick, and Canavale heretofore alleged against Plaintiff violated the rights, privileges, and immunities guaranteed to Plaintiff under Article 24 and 26 of the Maryland Declaration of Rights.

30.   As a result of Defendants' heretofore alleged conduct, Plaintiff suffered substantial damages, including, but not limited to, lacerations over his body and face, fractures to his face, nose, and eyes, extreme pain and suffering all over his head, face, neck, back, body, and limbs, mental anguish, and monetary losses.

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of One Million Dollars ($1,000,000.00) compensatory damages, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Cannon, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Gladstone, Five Million Dollars ($5,000,000.00) in punitive damages

LAW OFFICES
RICHARD G. BERGER
SUITE 801
O EAST LEXINGTON STREET
LTIMORE, MARYLAND 21202

(410) 783-5600
:LECOPIER: (410) 605-2955

against Defendant Jendrick, and Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Canavale.

## COUNT FOUR
## FALSE IMPRISONMENT
**(Defendants Cannon, Gladstone, Jendrick, and Canavale)**

31. Plaintiff hereby adopts and incorporates by reference the facts and allegations contained in paragraphs 1 through 30 of this Complaint with the same effect as if herein fully set forth.

32. By virtue of the false and illegal detention of Plaintiff by the Defendants, Plaintiff was falsely, unlawfully, and wrongfully, with force and without consent, held against his consent, held against their liberty for the period of time commencing with the Defendants attacking and assaulting Plaintiff.

33. By reason of this illegal and false imprisonment, Plaintiff suffered numerous physical and emotional injuries heretofore alleged.

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of One Million Dollars ($1,000,000.00) compensatory damages, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Cannon, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Gladstone, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Jendrick, and Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Canavale.

## COUNT FIVE
## CIVIL CONSPIRACY
**(Defendants Cannon, Gladstone, Jendrick, and Canavale)**

34. Plaintiff hereby adopts and incorporates by reference the facts and allegations contained in paragraphs 1 through 33 of this Complaint with the same effect as if herein fully

LAW OFFICES
RICHARD G. BERGER
SUITE 801
200 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER: (410) 605-2955

set forth.

35. Defendants Cannon, Gladstone, Jendrick, and Canavale agreed and/or had a mutual understanding to inflict the aforesaid tortious conduct against Plaintiff and/or in the planting of cocaine on Plaintiff's body.

36. Defendants Cannon, Gladstone, Jendrick, and Canavale undertook the aforesaid tortious conduct against Plaintiff in furtherance of their conspiracy.

37. As a result of Defendants' heretofore alleged conduct, Plaintiff suffered substantial damages, including, but not limited to, lacerations over his body and face, fractures to his face, nose, and eyes, extreme pain and suffering all over his head, face, neck, back, body, and limbs, mental anguish, and monetary losses.

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of One Million Dollars ($1,000,000.00) compensatory damages, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Cannon, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Gladstone, Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Jendrick, and Five Million Dollars ($5,000,000.00) in punitive damages against Defendant Canavale.

## COUNT SIX
## NEGLIGENCE/MARYLAND TORT CLAIMS ACT
### (State of Maryland and B.C.P.D.)

38. Plaintiff hereby adopts and incorporates by reference the facts and allegations contained in paragraphs 1 through 37 of this Complaint with the same effect as if herein fully set forth.

39. Within one year after Plaintiff sustained his injuries, Plaintiff's counsel sent to the State Treasurer by certified mail/return receipt requested, notification of a claim under

LAW OFFICES
RICHARD G. BERGER
SUITE 801
200 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER: (410) 605-2955

the Maryland Tort Claims Act, Maryland State Government Code Annotated, Sections 12-101 through 12-109. (Photocopy attached hereto as Exhibit 1)

40. The State Treasurer's Office failed to give notice of a final decision within six months after the filing of Plaintiff's claim and/or formally denied Plaintiff's claim. Accordingly, pursuant to Maryland State Government Code Annotated, Section 12-107(d), Plaintiff's claim is deemed finally denied by the State.

41. The State of Maryland, through B.C.P.D., and their agents had a duty to use reasonable care to select, retain, monitor, and/or supervise employees. The State of Maryland, through B.C.P.D., and their agents, knew, should have known, and had reason to know of the propensity of Defendants Cannon, Gladstone, Jendrick, and Canavale to become violent, use excessive and unreasonable force, plant cocaine, and improperly perform their job duties. A reasonable and prudent employer would not have hired and retained employees such as Defendants Cannon, Gladstone, Jendrick, and Canavale.

42. The State of Maryland, through B.C.P.D., and their agents, knew, should have known, and had reason to know that Defendants Cannon, Gladstone, Jendrick, and Canavale would likely confront, contact, and interact with members of the public such as Plaintiff. The State of Maryland, through B.C.P.D., and their agents failed to use the degree of care that was reasonable under the circumstances in monitoring and supervising Defendants Cannon, Gladstone, Jendrick, and Canavale. Therefore, the State of Maryland, through B.C.P.D., and their agents owed a duty to Plaintiff, and such duty was breached by failing to use the degree of care that was reasonable in monitoring and supervising Defendants Cannon, Gladstone, Jendrick, and Canavale.

43. As a direct and proximate result of the State's and B.C.P.D.'s negligence, Plaintiff

LAW OFFICES
RICHARD G. BERGER
SUITE 801
200 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER: (410) 605-2955

was caused injuries and losses heretofore alleged without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff demands judgment against the State of Maryland and B.C.P.D. for the sum of One Million Dollars ($500,000.00) compensatory damages, plus interest and costs.

### COUNT SEVEN
### RESPONDENT SUPERIOR/MARYLAND TORT CLAIMS ACT
**(State of Maryland and B.C.P.D.)**

44. Plaintiff hereby adopts and incorporates by reference the facts and allegations contained in paragraphs 1 through 43 of this Complaint with the same effect as if herein fully set forth.

45. The State of Maryland and B.C.P.D. are liable and/or responsible for all of the negligent acts committed within the scope and/or ambit of it's agents, servants, and/or employees' public duties.

46. Defendants Cannon, Gladstone, Jendrick, and Canavale engaged in unreasonable conduct and/or exercised unreasonable and excessive force heretofore alleged towards Plaintiff.

47. The unreasonable and excessive force heretofore alleged by Defendants Cannon, Gladstone, Jendrick, and Canavale were committed within the scope and/or ambit of their public duties, in that they exercised said force while on duty for B.C.P.D. and the State of Maryland and in the furtherance of B.C.P.D. and the State of Maryland's public duties.

48. As a direct and proximate result of Defendants' heretofore alleged conduct, Plaintiff suffered substantial damages, including, but not limited to, lacerations over his body and face, fractures to his face, nose, and eyes, extreme pain and suffering all over his head, face, neck, back, body, and limbs, mental anguish, and monetary losses.

WHEREFORE, Plaintiff demands judgment against the State of Maryland and B.C.P.D.

LAW OFFICES
RICHARD G. BERGER
SUITE 801
200 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER: (410) 605-2955

for the sum of One Million Dollars ($1,000,000.00) compensatory damages, plus interest and costs.

                              Respectfully submitted,

                              _____
                              Richard G. Berger, Esquire
                              801 Court Square Bldg.
                              200 E. Lexington Street
                              Baltimore, MD 21202
                              (410) 783-5600

                              Attorney for the Plaintiff

LAW OFFICES
RICHARD G. BERGER
SUITE 801
200 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER: (410) 605-2955

IN THE CIRCUIT COURT OF MARYLAND FOR BALTIMORE CITY

| | |
|---|---|
| **WILLIAM DOWNING**<br><br>Plaintiff<br><br>Vs.<br><br>**MICHAEL CANNON, et al.**<br><br>**Defendants** | Case No: |

### JURY TRIAL PRAYER

Plaintiff, by and through his attorney, Richard G. Berger, Esquire, and the Law Offices of Richard G. Berger, hereby requests a jury in the above-captioned case.

Respectfully submitted,

_____
Richard G. Berger, Esquire
801 Court Square Bldg.
200 E. Lexington Street
Baltimore, MD 21202
(410) 783-5600

Attorney for the Plaintiff

LAW OFFICES
RICHARD G. BERGER
SUITE 801
200 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

(410) 783-5600
TELECOPIER (410) 605-2955