**UNREPORTED**

IN THE COURT OF SPECIAL APPEALS
OF MARYLAND

No. 2002

September Term, 2004

---

WILLIAM DOWNING,

v.

KEITH GLADSTONE et. al.

---

Hollander,
Sharer,
Alpert, Paul E.
(Retired, Specially Assigned)

JJ.

---

Opinion by Sharer, J.

---

Filed: November 23, 2005

24C030006274

In the Circuit Court for Baltimore City, appellees, Keith Gladstone, et. al., moved to dismiss the complaint of appellant, William Downing, that alleged injuries at the hands of several Baltimore City police officers.[1] The motions to dismiss were uniformly based upon each appellee's assertion that appellant had failed "to comply with the notice requirements of the Local Government Tort Claims Act" ("LGTCA"). The circuit court granted each of the motions to dismiss.

In his appeal, Downing challenges the circuit court's ruling and presents the following issue for review:

> I. Whether public officials are entitled to qualified governmental immunity to claims for violations of the Maryland Constitution when the officials are alleged to have committed the violations intentionally and with malice.

We need not reach appellant's substantive issue. For the reasons we shall explain, based upon appellant's motion to correct the record and matters revealed at oral argument, we shall neither affirm nor reverse, but shall remand this case to the circuit court for further proceedings.

**FACTUAL and PROCEDURAL BACKGROUND**

**The Arrest and Complaint**

Appellant alleges that, on September 1, 2000, he was forcibly removed from his vehicle by undercover police officers Michael

---

[1] Named as defendants in the circuit court were Michael Cannon, Keith Gladstone, John Jendrick, and Anthony Canavale, all officers of the Baltimore City Police Department.

Cannon[2], Keith Gladstone, John Jendrick, and Anthony Canavale (collectively, "the Officers") and beaten during his arrest. He was ultimately charged with narcotics violations, resisting arrest, and assault.

On August 29, 2003, appellant filed a complaint in the Circuit Court for Baltimore City against the Officers, the Baltimore City Police Department ("BPD")[3], and the State of Maryland ("the State"). In his complaint, appellant alleged in detail the injuries that he claimed were inflicted during his arrest. Appellant accused the Officers of the non-constitutional common law torts of assault and battery, negligence, civil conspiracy, false imprisonment, and also of constitutional violations of his civil rights as guaranteed by Maryland's Declaration of Rights. Appellant also claimed that BPD and the State had engaged in negligent conduct under the Maryland Tort Claims Act ("MTCA") and were liable under the doctrine of respondeat superior for the Officers' actions.

The complaint averred that appellant had complied with the notice provisions of the MTCA because,

> "[w]ithin one year after Plaintiff sustained his injuries, Plaintiff's counsel sent to the State Treasurer by certified mail/return

---

[2] Officer Cannon was never served.

[3] At oral argument, the City Solicitor posited that the Baltimore City Police Department is not an entity that can sue or be sued. Rather it is an agency of the City of Baltimore. That issue was not raised below; hence, we shall not address it.

> receipt, notification of a claim under the Maryland Tort Claims Act, Maryland State Government Code Annotated, Sections 12-101 through 12-109. (Photocopy attached hereto as Exhibit 1)"

It has become significant, as we shall discuss, *infra*, that the referred-to photo copy of the notice **was not** attached to the complaint. Appellant further asserted, regarding the notice requirement, that "[t]he State Treasurer's Office failed to give notice of a final decision within six months after the filing of Plaintiff's claim and/or formally denied Plaintiff's claim."

On December 3, 2003, BPD and the State filed a motion to dismiss appellant's claims, asserting sovereign immunity pursuant to Md. Rule 2-322(c), and lack of requisite statutory notice under the LGTCA.[4]

The circuit court convened a motions hearing on February 18, 2004, at which appellant conceded that

> "the notice requirements of the LGTCA had not been met, that BPD was not subject to suit under the MTCA and that appellant was proceeding only on his claim of constitutional violations and respondeat superior liability for those violations."

In response to the motions to dismiss, appellant argued that "(1) statutory qualified immunity under the LGTCA was not a defense to a claim for State constitutional violations, (2) the officers

[4] On December 10, 2003, Canavale also filed a motion to dismiss. Officers Jendrick and Gladstone incorporated Canavale's arguments by reference and the arguments put forth in the February hearing in their joint motion to dismiss on March 19, 2004. The State and BPD were represented by the Office of the City Solicitor; the Officers were represented by other private counsel.

were not entitled to common law public official immunity, and (3) respondeat superior liability of the Department applied to claims against the officers when such violations are alleged to have occurred within the scope of the officers' employment." The circuit court granted the various motions to dismiss on July 29, 2004, and judgments were entered on behalf of each of the appellees.

Later, on August 5, 2004, appellant filed a motion to alter or amend the court's judgment.[5] On October 13, 2004, the circuit court entered an order denying that motion. Appellant's timely Notice of Appeal was filed on November 3, 2004.

**The Motion to Correct the Record**

On July 20, 2005, prior to oral argument in this Court appellant moved to correct the record pursuant to Md. Rule 8-414, which speaks, in relevant part, to "facts not contained in the record or papers on file in the appellate court... ." Md. Rule 8-414(b). Clearly, the subject matter raised by appellant's motion relates to a fact not contained in the record. Revealed by the motion, and conceded by the City Solicitor at oral argument, are

[5] Appellant's motion to alter or amend was made pursuant to Md. Rule 2-534. Appellant's motion, of course, made no reference to the evidence of the purported notice, for it had not yet been discovered.

Md. Rule 2-535(b) permits the court to exercise a "quasi-equitable power" and set aside an enrolled judgment after 30 days. *See Tandra S. v. Tyrone W.*, 336 Md. 303, 314 (1994); *see also Tasea Investment Corp., v. Dale*, 222 Md. 474, 480 (1959)(construing former Md. Rule 625). This power requires not only the existence of fraud, mistake or irregularity, but ordinary diligence, good faith and a meritorious cause of action or defense in the original proceeding. *See Tandra S.*, 336 Md. at 314; *see also Tasea Investment Corp.*, 222 Md. at 478, 79. Thus, we do not find Md. Rule 2-535 to be dispositive of the issue before us.

the following facts:

- Previous trial counsel[6] in the case had actually filed notice ("purported notice") of appellant's claim with the BPD and the Baltimore City Solicitor as required by provisions of the LGTCA.

- Although this purported notice was incorrectly captioned as notice under the MTCA (the notice was titled "Re: Notice of Claim under Maryland Tort Claims Act"), it otherwise complied with the timing requirements of the LGTCA.

- Both the BPD and City Solicitor's office responded to the notice and denied the claim.

- At the time of the motions hearing in the circuit court, counsel for the parties were unaware of the existence of the purported notice, and proceeded before the court as though notice had not been given.

- Counsel became aware of the purported notice on May 11, 2005.[7]

Appellant attached a copy of the purported notice, which has been recovered from the files of the Office of the City Solicitor, to his motion to correct the record.

**DISCUSSION**

With respect to the motion to correct the record, appellant argues that, notice having been given, he is entitled to proceed on the merits of his claims against appellees. Appellees posit that, the notice not having been before the circuit court, it is

[6] Appellant has been represented by several attorneys during the course of this litigation. Counsel who filed the purported notice did not represent appellant at the time of the filing of the complaint. Counsel who filed the initial complaint, and who did not attach the notice to his pleading, continued to represent appellant through the circuit court proceedings. On appeal, appellant is represented by yet other counsel.

[7] We have not been advised what led to the belated discovery of the notice.

inappropriate for this Court to go outside the record. Therefore, they argue, it has been established that notice had not been given as required by statute, and that the matter ends there.

As we have noted, we shall not address the merits of appellant's argument - that the LGTCA was inapplicable because the City and State are not entitled to rely on immunity since the Officers acted with malice - because we conclude that the question of notice was decided on a mistaken record.[8] Whether the mistake was unilateral or mutual will be for the trial court to determine on remand.

It is not disputed that the purported notice at issue was not before the circuit court because, although the original complaint refers to an attached exhibit, the identified exhibit was not attached.

We are not provided with a definitive explanation as to why the purported notice was not produced by appellant before the circuit court. It is clear that counsel who filed the complaint erred in his failure to attach the purported notice to the complaint. We can infer that appellant's initial counsel, who did file the purported notice with the City Solicitor, albeit erroneously labeling it as a claim under the MTCA rather than the

[8] Our reluctance to rule on the merits is based on the fact that "a ruling by an appellate court upon a question becomes the law of the case and is binding on the courts and litigants in further proceedings in the same matter." *Kline v. Kline*, 93 Md. App. 696, 700 (1992).

LGTCA, did not share his file with subsequent counsel. Whether subsequent counsel sought to review the file of initial counsel is not known to us.

Were that the extent of the matter, we would have little difficulty in affirming the circuit court's dismissal on the grounds of lack of notice. But, there is more. At oral argument, the City Solicitor related appellees' position on the notice issue as follows: because the notice was not appended to the complaint, as averred, appellees determined that notice had not been given and proceeded with a motion to dismiss. The City Solicitor advised this Court that a search for a notice had been made of the files of the individual officers and the Baltimore Police Department, but none was found. That, of course, is not surprising for, as we now know, the notice was to be found in the Solicitor's own files.

Therefore, we shall grant appellant's motion to correct the record to consider the purported notice as evidence of a relevant fact not contained in the record. Permitting appellant to correct the record is a necessary step in determining his compliance with the notice requirements of the LGTCA.

In the interest of justice, we shall remand this case to the trial court without affirmance or reversal for further proceedings. *See* Md. Rule 8-604(d)(1)(2004)("If the Court concludes that the substantial merits of a case will not be determined by affirming, reversing or modifying the judgment, or *that justice will be served*

*by permitting further proceedings*, the Court may remand the case to a lower court.")(emphasis added); *see also Hungerford v. Hungerford*, 223 Md. 316, 322 (1960)(remanding without affirmance or reversal the determination of a claim of adverse possession [under former Md. Rule 871(a)] in order to permit plaintiffs in the case to amend their pleadings and allow for further proceedings); *Holden v. Blevins*, 154 Md. App. 1, 10 (2003)(remanding the determination of whether a new trial should be granted in light of newly discovered evidence without affirmance or reversal); *Spessard v. Spessard*, 64 Md. App. 83, 96 (1985)(remanding a chancellor's grant of a marital award for further proceedings without affirmance or reversal).

Remands without affirmance or reversal are "not to be regarded as a general antidote for the errors of counsel" and "ordinarily, appeals are to be tried on the record." *Earl v. Anchor Pontiac*, 246 Md. 653, 659-60 (1966)(remanding without affirmance or reversal [under former Md. Rule 871(a)] to provide the opportunity for an amended declaration in light of facts that were available but not reflected in an original declaration); *see also Fletcher v. Havre de Grace Fireworks Co.*, 229 Md. 196 (1962)(finding that if circumstances warranted cases could be remanded [under former Md. Rule 871(a)] for reasons outside the appellate record). We also acknowledge that "[t]here must be an end to litigation," but "because of the special circumstances involved, we find . . . that

the purposes of justice will be advanced by permitting further proceedings." *Earl*, 246 Md. at 659-60.

A local government, to which notice must be given by a claimant as a prerequisite to maintaining a tort action, is charged with knowledge of documents in its files. The fact that the purported notice in this case was not discovered by the City Solicitor does not, in our view, justify a representation to the trial court that notice had not been given. This conclusion is bolstered by the fact that the City Solicitor did, in fact, respond to the notice letter, and denied appellant's claim.[9]

On remand, the circuit court shall consider the late-discovered purported notice and determine whether it is in substantial compliance with the notice requirements of the LGTCA. If the court finds substantial compliance, the court should re-visit appellant's voluntary dismissal of his non-constitutional claims, for that dismissal was offered based upon his understanding that notice had not been given.

**CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION;**

**COSTS SHALL ABIDE THE OUTCOME.**

---

[9] Whether appellees' response to the purported notice waives a defense based upon an alleged defect is for determination by the trial court.